UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN JOHN TORRES,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY,<br><br>    Defendant.<br>_____ / | No. C 08-1114 MHP (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Edwin John Torres, an inmate at the Alameda County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 in which he alleges that he is being denied his constitutional right of access to counsel because the jail has a "collect only" phone system. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint does not state a claim upon which relief may be granted against any defendant.  The complaint's problems fall into two general categories: problems with the defendant and problems with the legal claim.

First, the complaint does not state a claim against the named defendant, Alameda County.  A municipality can be a "person" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978), but a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see id. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (citation omitted).  Torres must make the necessary allegations in his amended complaint if he wishes to keep the municipality as a defendant.  If he wants to add individuals as defendants, his amended complaint must identify each such individual and explain what he/she did or failed to do that caused a violation of Torres' constitutional rights.

Second, the complaint does not state a claim upon which relief may be granted.  The complaint is deficient insofar as it tries to plead a claim for denial of access to the courts because it does not allege an actual injury resulting from Torres' inability to contact his attorney by telephone.  A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 355.  Examples of impermissible

2

hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. If he wishes to plead a claim for denial of access to the courts in his amended complaint, Torres must identify an actual injury caused by the telephone system. It also would be helpful for him to elaborate on his problem by explaining whether the problem is that his attorney refuses to take collect calls, or that his attorney cannot be contacted because of some other limitation caused by the "collect only" phone system.

To the extent Torres is trying to assert a violation of his constitutional right to counsel, his complaint provides too little information for the court to determine that a claim has been stated. The constitutional right to counsel does not encompass all attorney-client relationships, but only exists in connection with criminal proceedings. The Sixth Amendment right therefore does not cover an attorney/client relationship in a civil action. The Sixth Amendment right to counsel also would not be implicated if a defendant is representing himself in his criminal case because he would have no attorney and there would be no interference with such a relationship. In his amended complaint, Torres should identify the case in which his attorney represents him and specify whether it is a criminal case and whether it is now pending.

Another concern with any right-to-counsel claim is the remedy available to Torres for such a claim. If Torres had a Sixth Amendment right to counsel that was denied, that denial would not support a damages claim if it would implicate the validity of any criminal conviction that has occurred. See Heck v. Humphrey, 512 U.S. 477 (1994) (a § 1983 action for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid does not exist until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus). If Torres has a pending criminal case in which he cannot contact counsel by telephone, his best course is to send a letter to his attorney and to the court in which that case is pending explaining his problem. This is so because principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); Samuels v. Mackell, 401 U.S. 66, 68-74 (1971). Torres' filings do not disclose extraordinary circumstances that warrant interference in any ongoing state criminal proceedings.

In his amended complaint, Torres also should be cautious in using the terms pro se, pro per, and in forma pauperis. Pro se is the term generally used in federal courts to refer to a litigant representing himself while pro per is the term generally used in California courts to refer to the same kind of litigant (i.e., a litigant representing himself). In forma pauperis means that the litigant is proceeding as a pauper (i.e., does not have sufficient funds to pay the fees at the time of filing) and does not pertain to whether an attorney is representing the litigant.

**CONCLUSION**

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **October 31, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 23, 2008

Marilyn Hall Patel
United States District Judge

4